IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MARTEL,

      Plaintiff,    No. CIV S-11-3040 GEB CKD PS

   vs.

UNITED STATES OF AMERICA,    FINDINGS AND RECOMMENDATIONS

      Defendant.

_____/

      Defendant's motion to dismiss came on regularly for hearing April 25, 2012. Plaintiff appeared in propria persona. Edward Olsen appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

      In this action, plaintiff alleges claims arising out of an encounter he had with a Forest Service employee, Susanne Jenkins, while he was walking on a road characterized as "old state highway 37." Complaint at 2:20; 4:17-25. Plaintiff alleges that the employees of the Truckee Forest Service station violated his constitutional rights by making two false police reports against him. Plaintiff asserts claims for negligence, abuse of power, and denial of plaintiff's California constitutional rights. Defendant moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

The Federal Torts Claims Act ("FTCA") provides the exclusive remedy for torts committed by federal employees, as alleged in this action. 28 U.S.C. § 1346 (b)(1); see Pereira v. U.S. Postal Serv., 964 F.2d 873, 876 (9th Cir. 1992) (FTCA provides waiver of sovereign immunity only if such torts committed by private person would have given rise to liability under state law). Because all of the alleged acts were committed in California, the law of that state applies to the claims raised here. See Conrad v. United States, 447 F.3d 760, 767 (9th Cir. 2006). With respect to the negligence claim, defendant correctly argues that this claim is in essence a claim that the Forest Service employees deprived plaintiff of his federal constitutional rights. The United States has not waived its sovereign immunity for constitutional tort claims and therefore there is no subject matter jurisdiction over that claim. See FDIC v. Meyer, 510 U.S. 471, 478 (1994) (no waiver of sovereign immunity under § 1346(b) for constitutional tort claims.) To the extent plaintiff's negligence claim is not based on deprivation of his federal constitutional rights, plaintiff fails to state a claim for negligence in that defendant's alleged failure to follow federal statutes or regulations is not an actionable claim under the FTCA. See Love v. U.S., 60 F.3d 642, 644 (9th Cir. 1995) (breach of duty created by federal law not actionable under the FTCA).

Plaintiff's claim for abuse of process cannot lie because he does not allege that any of the "abusive" acts of filing allegedly false police reports involved the use of the court process, i.e. action taken pursuant to judicial authority. See Adams v. Superior Court, 2 Cal. App. 4th 521, 530 (1992) (tort of abuse of process has two elements including wrongful use of process and act complained of must involve use of process, which is action taken pursuant to judicial authority). In addition, an abuse of process claim can be made under the FTCA only when the alleged wrongful acts or omissions were made by investigative or law enforcement officers. 28 U.S.C. § 2680(h). Susanne Jensen is a Forest Protection Officer, and she does not have authority to execute searches, seize evidence, or make arrests. See Jensen Decl. As such, under section 2680(h), she is not considered to be investigative or law enforcement officer and

1 sovereign immunity has not been waived for an abuse of process claim arising out of her
2 conduct.

3       Plaintiff's third claim for relief is for deprivation of plaintiff's rights under the
4 California Constitution.  Here plaintiff complains that his rights to privacy, due process, and to
5 be free from unreasonable searches were infringed.  However, violation of the due process and
6 unreasonable seizure provisions of the California Constitution, Art. I, §§ 7 and 13, do not give
7 rise to tort claims and thus are not actionable under the FTCA.  See <u>Kaltzberg v. Regents of the</u>
8 <u>University of California</u>, 29 Cal. 4th 300 (2002) (no tort action for violation of Art. I, § 7); <u>see</u>
9 <u>also</u> <u>Brown v. County of Kern</u>, 2008 WL 544565, at *17 (E. D. Cal. Feb. 26 2008) (no damages
10 claim for violation of section 7 or 13).  With respect to a claim for violation of his right to
11 privacy, although California recognizes a tort claim for violation of the rights conferred under
12 Art. I, §1, plaintiff here makes a conclusory allegation that his right to privacy was violated and
13 his opposition simply reasserts this allegation.  In the absence of any factual allegations to
14 support this claim, the claim under the California Constitution should be dismissed.

15       In the opposition and at hearing on this matter, plaintiff advanced no arguments
16 which would suggest amendment would be anything other than futile.  The motion to dismiss
17 should therefore be granted without leave to amend.

18       Accordingly, IT IS HEREBY RECOMMENDED that:
19       1. Defendant's motion to dismiss (dkt. no. 6) be granted;
20       2. This action be dismissed and the case be closed.

21       These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
23 fourteen days after being served with these findings and recommendations, any party may file
24 written objections with the court and serve a copy on all parties.  Such a document should be
25 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
26 objections shall be served and filed within seven days after service of the objections.  The parties

4

1  are advised that failure to file objections within the specified time may waive the right to appeal
2  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3   Dated: April 27, 2012

    _____
    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

7  4
   martel.57