1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD MARTEL,

11          Plaintiff,                    No. CIV S-11-3040 GEB CKD PS

12      vs.

13   UNITED STATES OF AMERICA,            FINDINGS AND RECOMMENDATIONS

14          Defendant.

15   _____/

16          Defendant's motion to dismiss came on regularly for hearing April 25, 2012.

17   Plaintiff appeared in propria persona.  Edward Olsen appeared for defendant.  Upon review of the

18   documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and

19   good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

20          In this action, plaintiff alleges claims arising out of an encounter he had with a

21   Forest Service employee, Susanne Jenkins, while he was walking on a road characterized as "old

22   state highway 37."  Complaint at 2:20; 4:17-25.  Plaintiff alleges that the employees of the

23   Truckee Forest Service station violated his constitutional rights by making two false police

24   reports against him.  Plaintiff asserts claims for negligence, abuse of power, and denial of

25   plaintiff's California constitutional rights.  Defendant moves to dismiss for lack of subject matter

26   jurisdiction and for failure to state a claim.

1    Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense,

2  by motion, that the court lacks jurisdiction over the subject matter of an entire action or of

3  specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction

4  may either attack the allegations of the complaint or may be made as a 'speaking motion'

5  attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel.

6  & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

7    When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction

8  in fact, no presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g

9  Co., 594 F.2d at 733.  "[T]he district court is not restricted to the face of the pleadings, but may

10 review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the

11 existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When

12 a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has

13 the burden of proving that jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

14    In considering a motion to dismiss for failure to state a claim upon which relief

15 can be granted, the court must accept as true the allegations of the complaint in question,

16 Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most

17 favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

18    In order to avoid dismissal for failure to state a claim a complaint must contain

19 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

20 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

21 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

23 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

24 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

25 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

26 S. Ct. at 1949.

1    The Federal Torts Claims Act ("FTCA") provides the exclusive remedy for torts

2    committed by federal employees, as alleged in this action.  28 U.S.C. § 1346 (b)(1); see Pereira

3    v. U.S. Postal Serv., 964 F.2d 873, 876 (9th Cir. 1992) (FTCA provides waiver of sovereign

4    immunity only if such torts committed by private person would have given rise to liability under

5    state law).  Because all of the alleged acts were committed in California, the law of that state

6    applies to the claims raised here.  See Conrad v. United States, 447 F.3d 760, 767 (9th Cir.

7    2006).  With respect to the negligence claim, defendant correctly argues that this claim is in

8    essence a claim that the Forest Service employees deprived plaintiff of his federal constitutional

9    rights.  The United States has not waived its sovereign immunity for constitutional tort claims

10   and therefore there is no subject matter jurisdiction over that claim.  See FDIC v. Meyer, 510

11   U.S. 471, 478 (1994) (no waiver of sovereign immunity under § 1346(b) for constitutional tort

12   claims.)  To the extent plaintiff's negligence claim is not based on deprivation of his federal

13   constitutional rights, plaintiff fails to state a claim for negligence in that defendant's alleged

14   failure to follow federal statutes or regulations is not an actionable claim under the FTCA.  See

15   Love v. U.S., 60 F.3d 642, 644 (9th Cir. 1995) (breach of duty created by federal law not

16   actionable under the FTCA).

17   Plaintiff's claim for abuse of process cannot lie because he does not allege that

18   any of the "abusive" acts of filing allegedly false police reports involved the use of the court

19   process, i.e. action taken pursuant to judicial authority.  See Adams v. Superior Court, 2 Cal.

20   App. 4th 521, 530 (1992) (tort of abuse of process has two elements including wrongful use of

21   process and act complained of must involve use of process, which is action taken pursuant to

22   judicial authority).  In addition, an abuse of process claim can be made under the FTCA only

23   when the alleged wrongful acts or omissions were made by investigative or law enforcement

24   officers.  28 U.S.C. § 2680(h).  Susanne Jensen is a Forest Protection Officer, and she does not

25   have authority to execute searches, seize evidence, or make arrests.  See Jensen Decl.  As such,

26   under section 2680(h), she is not considered to be investigative or law enforcement officer and

1  sovereign immunity has not been waived for an abuse of process claim arising out of her

2  conduct.

3       Plaintiff's third claim for relief is for deprivation of plaintiff's rights under the

4  California Constitution.  Here plaintiff complains that his rights to privacy, due process, and to

5  be free from unreasonable searches were infringed.  However, violation of the due process and

6  unreasonable seizure provisions of the California Constitution, Art. I, §§ 7 and 13, do not give

7  rise to tort claims and thus are not actionable under the FTCA.  See Kaltzberg v. Regents of the

8  University of California, 29 Cal. 4th 300 (2002) (no tort action for violation of Art. I, § 7); see

9  also Brown v. County of Kern, 2008 WL 544565, at *17 (E. D. Cal. Feb. 26 2008) (no damages

10 claim for violation of section 7 or 13).  With respect to a claim for violation of his right to

11 privacy, although California recognizes a tort claim for violation of the rights conferred under

12 Art. I, §1, plaintiff here makes a conclusory allegation that his right to privacy was violated and

13 his opposition simply reasserts this allegation.  In the absence of any factual allegations to

14 support this claim, the claim under the California Constitution should be dismissed.

15      In the opposition and at hearing on this matter, plaintiff advanced no arguments

16 which would suggest amendment would be anything other than futile.  The motion to dismiss

17 should therefore be granted without leave to amend.

18      Accordingly, IT IS HEREBY RECOMMENDED that:

19      1.  Defendant's motion to dismiss (dkt. no. 6) be granted;

20      2.  This action be dismissed and the case be closed.

21      These findings and recommendations are submitted to the United States District

22 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

23 fourteen days after being served with these findings and recommendations, any party may file

24 written objections with the court and serve a copy on all parties.  Such a document should be

25 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

26 objections shall be served and filed within seven days after service of the objections.  The parties

1   are advised that failure to file objections within the specified time may waive the right to appeal

2   the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    Dated: April 27, 2012

4                                                    _____

5                                                    CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE

6

7   4
    martel.57

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26